FILED
U.S DISTRICT COURT
IV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2011 MAY 31 PM 4: 15
CLERK_____
SO. DIST. OF GA.

WILLIAM E. CALDERON-LOPEZ,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.:CV211-045

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William E. Calderon-Lopez ("Lopez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Lopez has filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Lopez was convicted in the Southern District of Texas of: conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a); hostage taking, in violation of 18 U.S.C. § 1203(a); aiding and abetting the harboring of illegal aliens for purposes of financial gain, in violation of 8 U.S.C. § 1324(a)(1); and aiding and abetting the transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1). Lopez was sentenced to 188 months' imprisonment. Lopez filed a direct appeal, and the Fifth

Circuit Court of Appeals affirmed his convictions and sentences. United States v. Calderon-Lopez, 268 F. App'x 279 (5th Cir. 2008).

Lopez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court dismissed Lopez's motion as being untimely filed. (Doc. No. 6-2). Lopez then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the Southern District of Texas court dismissed his petition as being a successive section 2255 motion. (Doc. No. 6-4).

In this petition, Lopez contends that he received ineffective assistance of counsel. Lopez also contends that he was charged in the indictment three (3) times for violations of the same statute, 8 U.S.C. § 1324. Lopez asserts that the double jeopardy clause was violated because of these duplicative charges. Lopez also asserts that he was not given the opportunity to confront the evidence against him.

Respondent asserts that Lopez does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## **DISCUSSION AND CITATION TO AUTHORITY**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

AO 72A
(Rev. 8/82)

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Lopez has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Lopez asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because he "is not familiar with the science of law, and therefore is not a lawyer (sic)[.]" (Doc. No. 1, p. 7).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Lopez fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Lopez made the same arguments with the trial court in his previously-filed post-sentencing motion as he does in this petition. (Doc. No. 1, p. 6; Doc. No. 6). Simply because that court denied Lopez's claims as time-barred does not mean that section 2255's remedy is inadequate or ineffective. Lopez has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Lopez has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Lopez cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's

restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Lopez is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Lopez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE